May it please the court. Rebecca Kurz on behalf of Mr. Rodney Smith. First I want to make my sincere apologies to the court for wasting any of your time. I'm so sorry that I got no time was wasted, no apology needed. All right. Mr. Smith argues that the sentencing court improperly lengthened his sentence to enable him to complete a residential drug treatment program in the Bureau of Prisons. Lengthening a sentence in this manner is not allowed under 18 U.S.C. 3582a and the Supreme Court has so held in Tapia. I would also mention that review is for plain air. Defense counsel did not object to this in the court below. On this record the district courts rationale for the 37 month sentence it imposed was unambiguous. The district court said that Mr. Smith had a long-running methamphetamine addiction. Page 7, line 23 of the sentencing transcript. He then again referred to Mr. Smith's enormous addiction. Page 8, line 23 of the sentencing transcript. And then the judge said literally last week I was talking to a lawyer for the Bureau of Prisons and part of that is going to inform this decision because I think you desperately need to participate in the BOP in something called the non-residential and the residential, the RDAP program. Then after imposing the 37 month sentence the court said I picked out 37 months because you need about 28 months they tell me to 30 months to be able to get into RDAP and to complete the program and go through it. The government argues that the district court lengthen did not lengthen Mr. Smith's sentence to promote rehabilitation or provide needed treatment and it's just as likely that the court had selected a higher sentence and was actually shortening the sentence it imposed on Mr. Smith. Counsel, can you discern from the transcript at sentencing what the in line with the court's statement here what that conversation between the court and the lawyer for the Bureau of Prisons what what that conversation was what what the lawyer told the judge what the judge said to the lawyer? Well we don't have that but we do have what the judge said about it. He says you know it's going to be talking to a lawyer for the BOP and it's going to inform my decision. That's the question, what was in that conversation? But then moves down to I picked out 37 months because you need 28 months they tell me I think that refers back to his conversation with the Bureau of Prisons lawyer to be able to get into RDAP and to complete it. There are other contextual clues. You don't really know that's what they tell me you don't really know we don't know what the conversation was do we isn't that the fact of the matter? We don't know what the conversation is. We could speculate but there's no I think it's undeniable that when you read that transcript there's not a description of what the conversation was. There is not a description of the conversation but we don't need to know what was in that conversation because he directly linked the length of the sentence to be able to get into RDAP and complete the program. Obviously linking to the necessary period of time in order to finish the program. Other contextual clues are the fact that Mr. The detention order issued August of 2023. His sentencing was June 18, 2024. That's roughly 10 months of pre-trial or pre-plea detention. If you add that to the bottom the 28 number you get 38. Just one month off the judge's sentence. I think we could infer from that that the judge imposed the sentence realizing there's going to be a certain amount of time Mr. Smith is credited for detention and I'm going to need to add on extra for him to complete this program. I think it's unlikely as the government argues that the judge actually had in mind a higher sentence and was reducing it. Mr. Smith's criminal history although lengthy it is filled with speeding tickets, trespassing, misdemeanor offenses. He has one felony offense for possession of a controlled substance. User amount .03 grams of methamphetamine and some synthetic marijuana. He has a misdemeanor theft for shoplifting $73 worth of items. He had pending felony counts which the judge specifically said I am NOT going to hold those against you. I will not be considering those in making my sentence. He said that at page 6 of the transcript. So based on the limited criminal history it doesn't make sense to assume that the district court was starting with an upward variance somewhere above the high end of 46 months and was working his way down. Also in context some of the cases cited by the government and I can't give you a specific name right now but judges will often say well I picked 37 months because there's a need to protect the public. There's a need for deterrence. You have not shown respect for the law. None of that was mentioned by this judge in this sentencing. So the sentence itself was not rooted in 3553A factors. It was rooted in the need for drug treatment. So what do you make of the fact that 28 to 30 months to get into the program but yet the sentence was 37 months? Well that's why I'm explaining that there was some pretrial detention time that he would get credit for. So he was going to go into BOP having roughly 10 months as far as I can determine from the PSR. So do you think all of this put together satisfies you know the initial steps of a plain error review that not only an error but that that error is plain? Yes I believe it is plain. The linking of the specific length of time in conjunction with a specific Bureau of Prisons program makes this far different from many other Eighth Circuit cases in which TAPIA claims have been denied. The error was not only plain or obvious but there's a reasonable probability that the sentence would have been lower. And what gives us that assurance? The fact that this is likely to be lower the next time around. The fact that the government actually requested a lower sentence. The judge imposed 37. The government had asked for 36. So I think that again shows this judge was probably not keying off of an upward variance but was looking at that guideline range and was trying to figure out what do I need to do to have this gentleman get the drug treatment he needs? What length of sentence do I need to impose? And what I think, and I'll admit this is somewhat speculative, but I think this judge was trying to do his job and do it well honestly. He saw a gentleman needs drug treatment and I think the judge was just trying to effectuate in the best way possible. But in Rosales-Morilas, the Supreme Court said that even though Rule 52b is permissive and not mandatory, this court is never required to grant plain error, but it should correct forfeited plain errors that affect substantial rights. And it said in applying that standard it this court has routinely reversed judgments for plain error based on inadvertent or unintentional errors by the courts or the parties below. I'd like to reserve my time if the court has no questions. Thank you. Thank you, Ms. Kersh. May it please the Court, Brian Casey on behalf of the United States. And the key to this case is really Mr. Smith's failure to object below. That's what puts us in the plain error review, but also given two unique factors about this case, it's really what informs all of those prongs to the plain error analysis. And the first of these factors is the nature of the error claimed here. This is not a case where it's a legal error that's claimed, where this court can review de novo, nor is this even really sort of an abuse of the court's discretion. This claim is about what was in the court's mind. The court is uniquely able to explain, and so this is really an error about did the court explain itself well enough. This court should not be in a position where it is looking at, well did the district court misspeak? Was it inartful? No, the district court should have an opportunity to explain itself. And so a contemporaneous objection is particularly relevant whenever the claim of error is how well the district court explained itself. The second aspect that I think is key is that the claim of error here was effectively injected by Mr. Smith. Mr. Smith's argument was that he had a terrible addiction, and he needed treatment. And so the district court had to address the treatment issue. In fact, if the district court said nothing about treatment, said nothing about the RDAP program in particular, which Mr. Smith asked for three different times in his three-page sentencing memo, the court would be here on an error that the court didn't consider a factor. So the issue of rehabilitation, the issue of treatment, was brought to the court's attention by Mr. Smith. And it was something the court had to discuss as a result. So what we're really here on is whether the court spoke artfully enough. And that is not something reversed on plain error review. On all three prongs it informs, I think, this court's analysis. And the first prong is, is it plain? The district court uses the word informed. Informed can mean a lot of things, and the court should have had the opportunity to explain what it meant by informed. An objection below, the court could have said one or two things. By informed, I mean, no, this is just a collateral consequence. It's just some, you know, the ability to get rehabilitation is just something that's good for you while you're going to be incarcerated. It's not what I'm basing my sentence on, and there would be no error. If the court said something different, we wouldn't be here because the parties would confess error. But instead we're left with trying to interpret what informed mean, what it could mean, one or two things. Well, it's not that, I understand that argument about informed, but it's the language that comes, another comment, the court says, I picked out 37 months because you need about 28, they tell me, to 30 to be able to get into RDAP. And then he says, that's informing my decision here, is the end of that paragraph. And what we don't know is, is that 37, would it have been more or less, had he not also been considered? We just, the record just doesn't show it. And this gets to the second piece. What would error have been, right? Informing his decision you're suggesting is not enough. What would have crossed the line? I'm giving him 37 because he needs RDAP? Is it the because that we're missing here? I think it has to be causal. I think it does, your honor, because the, Tapia says. What other factors did the, I think I'm with, and what other factors is the district court wrestling with here? I mean, I think your case would be stronger if there was a more fulsome kind of a 3553A analysis. But a fair way, one way of reading this is, the RDAP was really in the drugs because the defendant raised the issue. But was the heart and soul of what the district court was doing here? I don't think so, your honor, because there's a couple of reasons. And I think the district court's 3553A analysis was more fulsome than, than Mr. Smith has presented. First of all, the court is clearly basing the sentence on the guidelines. And so the key 3553A factor in this case was the guidelines. Neither party asked for a guideline sentence. The government even asked for a guideline sentence. And 37 months isn't a number you pick out of a hat. You know, it's a very specific number that happened to be the low end of the guidelines here. So we know the guidelines was a huge factor. We also know that though the court didn't say history characteristics, nature and circumstances, the need for deterrence, the need to protect, we know that it addressed those factors. Because it, it talked about Mr. Smith's addiction. It talked about his prior criminal problems. It talked about, you know, mentions, it mentions getting people from the West Plains where he was from with these types of problems. It talks about the nature of the circumstance. I mean, this was, this is, we're here on a pipe bomb case. You know, this isn't a drug case. This is a pipe bomb case. And the court mentions that. It mentions how dangerous that is, that, that the defendant was passed out in a car with a pipe bomb. And so the court hits those types of factors. And in fact, the court mentions things about the dangerousness, the protection, need to protect public. It doesn't say the need to protect public, but it says that's a reason for the sentence. It also mentions the defendant's age. You're not, you know, an unthinking kid. You're 38 years old, and that suggests it's thinking about deterrence as well. So while it's not naming the factors, it's rooting its sentence in those factors. And I think that that's pretty clear, especially when it's very clear the guidelines were dispositive here. And I think that's why on the third prong, Mr. Smith just can't show that the result would be different. He just cannot show prejudice. Well, in that, kind of in that same vein, is there anything wrong with the court at sentencing talking about a need for rehabilitation and even talking about the availability of this BOP program? Not at all, Your Honor. The, what's, where the error comes is if the court imposes or increases the sentence. And this court's plain error cases have said, in that circumstance, we're really looking for the increase. We're looking for... Well, that's the Tapia rule, isn't it? That the court can't lengthen the sentence to promote rehabilitation. That's correct, Your Honor. Yes. Is there any independent meaning with imposing? Or does it come down to lengthening? I think imposing, if this were an objected to error, I think there might be some independent meaning to it. This court's cases almost always come in plain error. I found two unpublished cases where it had been objected to, but of course, that's just the point. That's why I say it's unique for an objection here, because the court has a chance to clarify. In the plain error cases, this court really takes the imposing out and just looks at, was it, is it a plain error? Did the court, is it, is, did the defendant meet the burden? Because this is a, you know, this is a tie goes to the judgment situation. And did the defendant meet the burden of showing that the sentence would be longer? Now, that's, our circuit, that's probably inaccurate, but other circuits seem to be not as focused on lengthening. The Fifth and the Tenth, do you think it's fair to say that even like a denial of a downward variance is subject to a tapier review? Yeah, I, I disagree with the courts that say in Replogle the Eighth Circuit is on the substantial factor or dominant factor side. I just don't see it in the Eighth Circuit law. I actually don't think that circuit splits here, and I think the Eighth Circuit is on the side of any role. If, if reappellate should put any role in the imposition of the sentence it'd be error. I just don't think that the, Mr. Smith can show either that any error was plain or that it affected his substantial rights. And I actually think this is a case where the fourth prong of plain error review really comes in, into play. You have an independent basis for the district court's decision. It's rooted in the guidelines. It's a low end guideline sentence. It's above what either party recommended. This is some pretty outrageous conduct, and the defendant himself had injected this question of rehabilitation into, into the sentencing. There's nothing about that circumstance that would impugn the integrity of the courts. If there are no further questions, the government would ask this court to affirm. Mr. Casey. In answer to, I believe it was Judge Shepard's question, there are ways certainly in which a court can discuss a defendant's need for treatment, but it's usually couched in terms of after a fulsome explanation of the 3553 Act factors saying, I really hope you take advantage of that program. I hear it's really good. Innocuous remarks. Not linking the length of time to the treatment program itself. But counsel, you can't, it seems to me you've got a substantial hurdle in pointing out how the court lengthened the sentence. I think it's all It's apparent, don't you agree it's apparent there was going to be a term of imprisonment imposed in the case. After all, this sentence is at the, within the guideline range. I think it's apparent that there was going to be a term of imprisonment. I think the comments were more If that's the case, how do you show here, what indicates that the court lengthened that term of imprisonment for this improper purpose? I think it does have to do with the fact that defense counsel requested 18 months. And after imposing the sentence, the judge comes back in. I pick that sentence so that you can do the RDAP program. I think it was directed more at defense counsel and the defendant than anyone else. So, excuse me, it sounds like you're saying that on plain error review, we are to assume that the court would have imposed a below guidelines sentence. In fact, the sentence that's substantially below the guideline range that the appellate requested. No, sir. I don't have to establish a below guideline range. I only have to establish a reasonable probability that the outcome would have been different and the government itself asked for a lower sentence than what was imposed. Thank you. Thank you, counsel. The court appreciates the argument you provided to us. We'll continue to study the matter and render a decision. Thank you.